# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                     Case No. 07-20099-16-JWL

**Cesar Osbaldo Armendariz Soto,**

      **Defendant.**

## MEMORANDUM & ORDER

In August 2009, the defendant pled guilty to, among other crimes, conspiracy to distribute and possession with intent to distribute marijuana and cocaine and knowingly using a firearm in furtherance of drug trafficking activities. His total offense level was calculated as 42. With a criminal history category of I, the resulting advisory sentencing range was 360 months to life imprisonment. The court imposed a low-end sentence of 360 months plus the mandatory 60-month consecutive sentence for the § 924(c) violation, for a total term of 420 months. In November 2015, the court reduced the defendant's sentence to a total term of 352 months (292 months plus the mandatory 60-month consecutive term) pursuant to Amendment 782.

This matter is presently before the court on the defendant's motion to reduce his sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).[1] The First Step Act of 2018 retroactively applies the Fair Sentencing Act of 2010, but the only substance contemplated in the Fair Sentencing Act is cocaine base. *See* First Step Act § 404(a), 132 Stat.

---

[1] The defendant does not expressly reference the First Step Act, but the court construes his motion as requesting relief under that Act based on the contents of the motion.

5194, 5222.[2]  The defendant was not charged with or convicted of any offenses relating to cocaine base.  The government intended to put on evidence at sentencing that defendant's relevant conduct included at least 4.5 kilograms of cocaine base for purposes of establishing a base offense level of 38 under U.S.S.G. § 2D1.1 as it existed at that time.  But the government abandoned that argument at sentencing and focused exclusively on the defendant's involvement with powder cocaine which, standing alone, was sufficient to establish a base offense level of 38.  Thus, no cocaine base was ever attributed to defendant in this case and, accordingly, the First Step Act has no application to this case.

For the foregoing reason, the court lacks jurisdiction to reduce defendant's sentence under § 3582(c) and the motion must be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the defendant's motion to reduce his sentence (doc. 1109) is **dismissed**.

**IT IS SO ORDERED.**

Dated this 6th day of March, 2019, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[2] Section 403 of the First Step Act, which is not retroactive in any event, prohibits applying the 25-year mandatory term of imprisonment for a second or subsequent § 924(c) conviction if the first § 924(c) conviction was not final when the second or subsequent offense was committed. 132 Stat. 5194, 5221-22.  That section, then, would not apply because defendant did not receive an enhanced sentence based upon a prior § 924(c) conviction.