IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                                                 Case No. 07-20099-16-JWL

**Cesar Osbaldo Armendariz Soto,**

      **Defendant.**

## **MEMORANDUM & ORDER**

In August 2009, defendant entered a plea of guilty to, among other things, conspiracy to distribute large quantities of cocaine and marijuana, money laundering, and a firearms violation. The court sentenced defendant to 420 months imprisonment, the low end of the guidelines range. In October 2015, the court reduced defendant's sentence pursuant to Amendment 782, resulting in a total sentence of 352 months. His projected release date is April 25, 2033.

On April 26, 2022, the court denied defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A) on the grounds that defendant had not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence. This matter is now before the court on defendant's motion for leave to appeal in forma pauperis (doc. 1194).

Early in this case, defendant was determined to be financially unable to retain counsel. Thus, pursuant to Fed. R. App. 24(a)(3), he is entitled to proceed IFP on appeal unless the court certifies that the appeal is not taken in good faith or that defendant is not otherwise entitled to proceed IFP. Fed. R. App. P. 24(a)(3); 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); *Coppedge*

*v. United States,* 369 U.S. 438, 445 (1962) ("good faith" in the context of 28 U.S.C. § 1915(a)(3) is demonstrated when the defendant "seeks appellate review of any issue not frivolous," under an objective standard); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (IFP request on appeal requires demonstration of "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal).

Defendant identifies his issue on appeal as follows: "That the Appellant's rehabilitative efforts—working in tandem—with his prison record, change in character, the changes in sentencing law[s], family circumstances and the COVID-19 pandemic do conform [sic] an 'extraordinary and compelling reason' weighing in favor of a reduction in sentence." But the court, in denying the motion, carefully examined this particular combination of factors as well as defendant's arguments and it exercised its broad discretion to deny relief. In doing so, the court noted that there were no changes in the sentencing laws that applied to defendant's sentence; that no sentencing disparity existed; that defendant's vaccination status adequately protected him from concerns related to the pandemic; that defendant's age was considered at the time of defendant's sentencing; that other people were available to care for defendant's disabled mother; and that defendant's rehabilitation, particularly when considered with his significant disciplinary record in custody, was not sufficient to warrant early release. Defendant has not offered any reasonable argument that the court abused its discretion or that a different result was required or even supported by law. Because defendant has not identified a nonfrivolous basis for appeal, the court certifies that defendant's appeal is not taken in good faith and denies the motion to proceed in forma pauperis.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for leave to appeal in formal pauperis (doc. 1194) is denied.

**IT IS SO ORDERED.**

Dated this __8th__ day of June, 2022, at Kansas City, Kansas.

                                                s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge