IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                                               Case No. 07-20099-16-JWL

**Cesar Osbaldo Armendariz Soto,**

      **Defendant.**

## MEMORANDUM & ORDER

In August 2009, defendant entered a plea of guilty to, among other things, conspiracy to distribute large quantities of cocaine and marijuana, money laundering, and a firearms violation. Defendant agreed to plead guilty without a plea agreement but, before sentencing, asked the court for leave to withdraw the plea. The court denied the motion after a hearing, finding that defendant testified falsely about his counsel's advice. At sentencing, the court found that the false testimony defendant had given in connection with his motion to withdraw the plea warranted the imposition of a sentencing enhancement for obstruction of justice and the denial of a sentencing reduction for acceptance of responsibility. The court's resulting sentencing calculations yielded an advisory guidelines range of 420 months to life imprisonment. After weighing the sentencing factors listed in 18 U.S.C. § 3553(a), the court imposed a sentence of 420 months, the bottom end of the guidelines range. In October 2015, the court reduced defendant's sentence pursuant to Amendment 782, resulting in a total sentence of 352 months. His projected release date is April 25, 2033.

In February 2022, defendant filed his second motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] In that motion, defendant asserted that a reduced sentence was warranted based on a combination of factors that, according to defendant, together constituted an extraordinary and compelling reason for early release. Specifically, defendant pointed to alleged changes in the sentencing laws since the time he was sentenced and an alleged sentence disparity between him and his co-defendants; the COVID pandemic; his young age at the time he committed his crimes; his family circumstances; and his rehabilitative efforts while in custody. The court denied the motion, finding that none of those reasons, even taken together, were sufficient to reduce defendant's sentence. The Circuit affirmed that decision. *See United States v. Armendariz Soto*, 2022 WL 7964860, at *1 (10th Cir. Oct. 14, 2022). This matter is now before the court on defendant's third motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 1210). Now, defendant focuses solely on his family circumstances and his rehabilitative efforts while in custody.[2] As will be explained, the motion is denied.

The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2)

---

[1] Defendant's first motion was filed in March 2021 but was dismissed based on defendant's failure to demonstrate that he had exhausted his administrative remedies.
[2] While defendant raises additional arguments in his motion, those arguments are directed toward the court's consideration of the § 3553(a) factors and not whether extraordinary and compelling reasons exist for a reduction in the first instance.

2

the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id.*[3] A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others. *Id.* at 1043. But when a district court grants a motion for compassionate release, it must address all three steps. *Id*. As will be explained, defendant has not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence.

The Sentencing Commission's policy statement on compassionate release requires "extraordinary and compelling reasons" to warrant a sentence reduction and that the defendant not pose a danger to the public. U.S.S.G. § 1B1.13(a)–(b). As amended in November 2023, the policy statement expands the list of extraordinary and compelling reasons justifying compassionate release from federal detention. U.S.S.G. § 1B.13, amend. 814. Specifically, the policy statement identifies six categories of "extraordinary and compelling reasons" justifying compassionate release. The first four categories pertain to a defendant's: (1) medical circumstances; (2) advanced age and deteriorating health in combination with the amount of time served; (3) compelling family circumstances; and (4) victimization by correctional staff while in custody. U.S.S.G. § 1B1.13(b)(1)–(4), amend. 814. A fifth catch-all category exists for a "circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). The sixth category arises if

---

[3] The government concedes that defendant has exhausted his administrative remedies.

the defendant has received an usually long sentence, served at least 10 years, and a change in law produces a gross disparity between the sentence being served and the sentences likely to be imposed at the time the motion was filed, after considering the individual circumstances of the defendant. U.S.S.G. § 1B1.13(b)(6).

Here, defendant requests relief under the United States Sentencing Commission's new policy statement concerning sentence reductions for family circumstances—specifically, for the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C).  Defendant urges that he is the only available caregiver for his disabled mother, who resides in Mexico.  He asserts that upon release he will live with his mother in Mexico and care for her on a full-time basis.  Defendant raised this same argument in his second motion for compassionate release.  At that time, the court denied the motion because defendant had not set forth clear evidence that other reasonable options for care for his mother were unavailable.  The Tenth Circuit affirmed that decision.  *See United States v. Armendariz Soto*, 2022 WL 7964860, at *2 (10th Cir. Oct. 14, 2022) ("The district court likewise saw nothing compellingly special about the fact that Mr. Armendariz Soto's mother was severely ill. She was living with an adult grandson as well as with her husband (a truck driver who is frequently away from home), and Mr. Armendariz Soto had not offered clear evidence why the care they provided was insufficient.").

In his motion, defendant relies on the same affidavit that he relied on previously to establish that he is the only available caregiver for his mother—an October 2021 affidavit from his father. Defendant has not submitted an updated affidavit from his father and the affidavit, as it did in connection with defendant's second motion for compassionate release, fails to establish that

defendant is the only available caregiver for his mother. Moreover, defendant has inexplicably submitted a letter from his sister and her husband who state their willingness and intent to have defendant reside with them in Texas upon his release. This letter significantly undermines defendant's representation that he must go to Mexico to provide full-time care for his mother. The letter also implicitly suggests that defendant's sister in Texas could provide care and housing to defendant's ailing mother. Defendant's failure to provide clear evidence that he is the only available caregiver for his mother leaves his evidence concerning rehabilitation.[4] But as the Circuit stated in connection with defendant's appeal of his prior motion for compassionate release, "not only is the evidence unremarkable, but 28 U.S.C. § 994(t) instructs the Sentencing Commission that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason' under § 3582(c)(1)(A)." *Id*. at *2.

Defendant also asks the court for the first time in his reply brief to reduce defendant's sentence pursuant to what defendant calls the "Holloway" doctrine, a reference to *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). In that case, the court recognized the excessive nature of the defendant's mandatory minimum sentence of fifty-seven years for three convictions under 18 U.S.C. § 924(c) and called on the U.S. Attorney's Office to agree to an order vacating two of the defendant's three § 924(c) convictions so that the defendant could face a "more just resentencing." *Id*. at 314. The United States Attorney's Office ultimately agreed to the court's

---

[4] In his reply, defendant attempts to provide additional detail about his mother's health condition and the unavailability of others to care for her. Yet defendant has still failed to provide recent information about his father's work circumstances and fails to explain why his sister who resides in Texas cannot care for their mother when she has indicated an ability to provide long-term support for defendant in her home.

vacatur of two of the § 924(c) convictions and the court proceeded to resentence the defendant on the remaining § 924(c) count. *Id*. at 311.

The so-called "Holloway doctrine" undisputedly requires the consent of the government. *See United States v. Perez*, 2018 WL 4207147, at *2 (D. Kan. Sept. 4, 2018) (collecting cases); *United States v. Burton*, 2018 WL 1637955 at *2 (E.D. Cal. April 5, 2018) ("the one consistent theme for the Courts that have addressed the *Holloway* decision is that unless the government acquiesces to the reduction, there is no jurisdiction for the district court to reduce the Petitioner's sentence") (quoting *Whitt v. United States*, 2017 WL 5257709 at *3 (N.D. Ind. Nov. 13, 2017)); *United States v. Marin-Moreno*, 2016 WL 901666, at *2 (E.D.N.Y. Mar. 9, 2016) (*Holloway* relief "can properly be granted only as frequently as the government chooses to consent to it"). Here, the government has not agreed to a reduction and, accordingly, Holloway relief is unavailable. But more significantly, the factual situation underlying the *Holloway* decision (which was later addressed by Congress when it amended 18 U.S.C. § 924(c) such that "stacked" sentences were no longer available for multiple § 924(c) offenses charged in the same indictment) is markedly different than the situation present here. Defendant's sentence did not result from "stacked" charges and, accordingly, Holloway is neither persuasive nor applicable.

Because defendant has again failed to come forward with sufficient evidence that he is the only available caregiver for his mother, the court denies the motion. And because defendant has not established extraordinary and compelling reasons warranting a sentence reduction, the court declines to address defendant's arguments concerning the 18 U.S.C. § 3553(a) factors.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 1210) is **denied**.

**IT IS SO ORDERED.**

Dated this 19th day of April, 2024, at Kansas City, Kansas.

                                            s/John W. Lungstrum
                                            HON. JOHN W. LUNGSTRUM
                                            United States District Judge